# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALICIA YVONNE GONZALES-LONGORIA,<br><br>        Debtor. | CASE NO. BK 20-41658-TLS<br>CHAPTER 11<br><br>**MOTION FOR RULE 2004 EXAMINATIONS** |

Elite Health, L.L.C. ("**Elite Health**"), a creditor and interested party, respectfully requests the Court enter an order pursuant to Federal Rule of Bankruptcy Procedure 2004 allowing it to conduct Rule 2004 examinations of the debtor, Alicia Yvonne Gonzales-Longoria ("**Debtor**") and Debtor's non-filing spouse, Jonas Longoria ("**Jonas**"). In support of this motion, Elite states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein is Fed. R. Bankr. P. 2004 & 9016.

## BACKGROUND

2. On December 28, 2020 (the "**Petition Date**"), Debtor filed her petition for relief under Chapter 11 of the Bankruptcy Code.

3. As of the Petition Date, Debtor owes Elite Health not less than $240,884.92. (*See* Claim No. 3).

4. One of the primary issues in this case is determining how much net income Debtor has available to pay creditors when also accounting for Jonas' income

Case 20-41658-TLS    Doc 24    Filed 04/01/21    Entered 04/01/21 09:47:43    Desc Main
Document      Page 2 of 6

and/or Jonas' payment of living expenses. To date, Debtor has reported drastically different net income in various filings with this Court.

5. In Debtor's original bankruptcy schedules I and J filed December 28, 2020 (Filing No. 1), Debtor asserted a monthly deficit of over $900. However, Debtor's original schedules I and J did not account for Jonas' income and/or Jonas' payment of living expenses.

6. On February 11, 2021, Debtor filed amended bankruptcy schedules (Filing No. 14). Debtor's amended schedules I and J account for Jonas' income and payment of the couples' living expenses, and indicate Debtor has approximately $7,000 of net income each month available to pay creditors pursuant to a Chapter 11 plan.

7. Debtor filed her Chapter 11 plan on March 25, 2021 (Filing No 21). According to her plan, Debtor asserts she only has $500 per month to pay unsecured creditors.

8. Debtor has been spending significant amounts of money both immediately before and after filing her bankruptcy case. For example, based on Debtor's monthly operating reports filed to date, in December, 2020, January, 2021 and February, 2021 Debtor spent almost $10,000, $7,800 and $8,000, respectively. All of Debtor's spending may not be for reasonable and/or necessary living expenses, and Debtor should have more money available every month to pay creditors.

9. Elite Health needs to gather more information about Debtor's and Jonas' income, expenses and spending habits in order to determine the amount of net income Debtor has or should have available to pay her creditors under her plan, and in order to determine how to respond to Debtor's proposed plan.

2

## RELIEF REQUESTED

10. Elite Health respectfully requests the Court order Debtor to produce the following documents to Elite Health on or before April 20, 2021 (collectively, the "**Financial Documents**"):

   a. Debtor's and/or Jonas' 2018, 2019 and 2020 tax returns, including without limitation all schedules to such tax returns;

   b. All of Debtor's and/or Jonas' W-2s and 1099s for tax years 2018, 2019 and 2020;

   c. All of Debtor's and/or Jonas' K-1s for tax years 2018, 2019 and 2020;

   d. All of Debtor's and/or Jonas' employment contracts for employment in 2019, 2020 and 2021;

   e. All bank account statements from January 1, 2019 to present for any accounts (checking, savings, debit and/or other bank accounts) Debtor and/or Jonas own or co-own – including all accounts co-owned with family members – and including copies of all checks, wire transfer details, EFT or ACH transfer details, and deposited items;

   f. All credit card statements from January 1, 2019 to present for any credit cards Debtor and/or Jonas own or co-own;

   g. All of Debtor's and/or Jonas's balance sheets, financial statements, loan applications and/or lease applications dated, made or compiled on or after January 1, 2019, including without limitation all schedules to such balance sheets, financial statements and applications;

    h. Copies of all of Debtor's and/or Jonas' utility bills from January 1, 2020 to the present for any real estate Debtor and/or Jonas own or co-own;

    i. Title certificates and registration and license documentation to all vehicles, boats, trailers or any other titled assets Debtor and/or Jonas own or co-own;

    j. Copies of all statements from January 1, 2019 to present for any and all individual retirement accounts, stock bonus, pension, profit-sharing, or similar retirement plans Debtor and/or Jonas own or co-own; and

    k. Copies of all statements from January 1, 2019 to present for any and all college savings plans Debtor and/or Jonas have contributed funds to, including but not limited to college savings plans under section 529 of the Internal Revenue Code.

11. Elite Health further requests the Court order Debtor to appear at her counsel's office, or at such other location as Elite Health and Debtor may agree, on Tuesday, April 27, 2021 beginning at 9:00 a.m. C.T. to be examined by Elite Health.

12. Elite Health further requests the Court enter an order authorizing it to issue a subpoena duces tecum on Jonas, requiring Jonas to produce the Financial Documents on or before April 20, 2021 and to appear at Debtor's counsel's office, or at such other location Elite Health and Jonas may agree, on Tuesday, April 27, 2021 at 11:00 a.m. to be examined by Elite Health.

13. Elite Health reserves the right to seek further Court authority to examine additional individuals, request additional documents and/or issue additional subpoenas as it continues its investigation into Debtor's and Jonas' financial affairs.

14. Bankruptcy Rule 2004 provides that, upon a motion of a party in interest, the Court may order the examination of any entity concerning "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(b).

15. Bankruptcy Rule 2004 is intended to give parties in interest an opportunity to examine those persons possessing knowledge of a debtor's acts, conduct or financial affairs and provides "all interested parties with a mechanism for the investigation and reconstruction of the debtor's affairs." *In re Isis Foods, Inc*., 33 B.R. 45, 46 n.2 (Bankr. W.D. Mo. 1983); *See also In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985).

16. It is generally accepted that Bankruptcy Rule 2004 allows for examination not limited to a debtor's agents, but extending to creditors and third parties who have had dealings with a debtor, without the limits as to scope placed upon examinations under the Federal Rules of Civil Procedure. *In re Apex Oil Co.,* 101 B.R. 92, 102 (Bankr. E.D. Mo. 1989); *See also In re Enron Corp*., 281 B.R. 386, 840 (Bankr. S.D.N.Y. 2002) (recognizing that "Rule 2004 examinations are broad and unfettered…."); *In re Wilcher*, 56 B.R. at 433 ("the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted").

17. The attendance for examination and for the production of documents may be compelled as provided in Bankruptcy Rule 9016, which incorporates Federal Rule of Civil Procedure 45 into cases under the Bankruptcy Code. See FED. R. BANKR. P. 2004(c).

WHEREFORE, Elite Health respectfully requests the Court grant it permission to conduct the Rule 2004 examinations of Debtor and Jonas, order Debtor to appear for an examination as set forth herein, allow it to issue a subpoena duces tecum on Jonas, order Debtor and Jonas to produce the Financial Documents, and grant Elite Health such other and further relief the Court deems just and equitable.

Dated this 1st day of April, 2021.

                ELITE HEALTH L.L.C., Creditor and Interested Party

                By:  s/Brandon R. Tomjack
                      Brandon R. Tomjack (#22981)
                      Brian Barmettler (#27017)
                      1700 Farnam St, Ste 1500
                      Omaha, Nebraska  68102-2068
                      402-344-0500
                      btomjack@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2021, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

I further certify that I did on the date set forth above serve the foregoing pleading upon the following party at the address shown by regular U.S. Mail, postage prepaid:

Jonas Longoria
2350 Shadow Ridge Drive
Gering, NE 69341

                              s/Brandon R. Tomjack

DOCS/2617595.1