IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

IN RE:     ALICIA YVONNE GONZALES-LONGORIA,     CASE NO. BK20-41658
                                                CHAPTER 11

Debtor.

**UNITED STATES TRUSTEE'S RESPONSE TO**
**DEBTOR'S PLAN OF REORGANIZATION**
**UNDER CHAPTER 11 SUBCHAPTER V**

Comes the United States Trustee by the undersigned counsel, in Response to the Plan of Reorganization Under Chapter 11 Subchapter V (the "Plan") (Doc. No. 21) filed by Alicia Yvonne Gonzales-Longoria, Debtor, and for his Response, respectfully states and alleges:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

2. The Debtor is a small business as defined by 11 U.S.C. § 101(51D). The Debtor has chosen to proceed under Subchapter V of Chapter 11.

3. James A. Overcash is the duly appointed and acting Subchapter V Trustee.

4. The Debtor filed her Voluntary Chapter 11 Petition and Schedules on December 28, 2020. The Debtor's original Schedule I states that the Debtor is employed as a Nurse Practitioner by St. Clairsville Medical Group and earns a gross monthly salary of $11,250.51. The Debtor's original Schedule I also reflected other monthly income from her husband Jonas Longoria in the amount of $2,681.48. The Debtor's spouse is an attorney practicing in Scottsbluff, Nebraska. The Debtor's total net monthly income on the original Schedule I was $10,368.77. The Debtor's original Schedule J reflected total monthly expenses of $11,280.98; resulting in negative monthly income of $-912.21.

5. On February 11, 2021, the Debtor filed Amended Schedules (Doc. No. 14). The Amended Schedule I continues to state that the Debtor is employed as a Nurse Practitioner by St.

Clairsville Medical Group and earns a gross monthly salary of $11,250.51. However, the Amended Schedule I now reflects that her non-filing spouse earns a gross monthly income of $7,583.33 as an Attorney with Chaloupka, Holyoke, Snyder and Chaloupka in Scottsbluff, Nebraska. The total gross income of the Debtor and her non-filing spouse is $18,833.84 a month or a total annual income of $226,006.08. The applicable median income for the Debtor's household size at the time of the filing of the case was $105,749. The Amended Schedule I discloses a net monthly income of $12,323.33. The Debtor's Amended Schedule J indicates that the Debtor and her non-filing spouse have total monthly expenses of $5,373.51; resulting in net monthly disposable income of $6,949.82 a month.

6. On March 25, 2021, the Debtor filed her Chapter 11 Subchapter V Plan (Doc. No. 21). Article 1.11 provides that the Debtor proposes a plan life of three (3) years. Article 4.03 of the Plan provides that Class 3 unsecured creditors will be paid the sum of $500.00 per month during the life of the plan to be paid by the Trustee, pro-rata.

7. 11 U.S.C. Section 1191(a) provides that the court may confirm a plan only if all requirements of section 1129(a) other than 1129(a)(15) are met. This is "consensual" confirmation. Effectively, this requires that all impaired classes accept the plan. Subchapter V does require that the plan classify claims and that it be submitted to creditors for balloting. 11 U.S.C. §§ 1122 and 1191(a). Pursuant to 11 U.S.C. Section 1126, a class of claims has accepted a plan "if such plan has been accepted by creditors … that hold at least two-thirds in amount and more than one-half in number of the allowed claims of each class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected the plan." 11 U.S.C. Section 1126(c). This provision requires that each creditor affirmatively accept the plan in order to constitute acceptance. Fed. R. Bank. P. 3018(c) provides that "[a]n acceptance or

rejection shall be filed in writing, identify the plan or plans accepted or rejected, be signed by the creditor equity security holder or an authorized agent, and conform to the appropriate Official Form". The Court cannot deem an impaired class to have accepted a plan if no creditors in that class have voted. *See In re Vita Corp,* 380 B.R. 525 (C.D. Ill. 2008) (and cases cited therein).

8. If one or more impaired classes vote to reject the plan or if one or more impaired classes fail to affirmatively accept the plan under 11 U.S.C. Section 1191(a), a plan may still be confirmed non-consensually if the requirements of 11 U.S.C. Section 1191(b) are met. Generally, section 1129(b) does not apply in a subchapter V case. Instead, section 1191(b) permits the court, on request of the debtor, to confirm a plan that does not meet the requirements of subsections 1129(a)(8), (10), or (15). *See In re Pearl Resources LLC,* 622 B.R. 236, 251 (Bankr. S.D. Tex. 2020).

9. To confirm a subchapter V plan non-consensually under section 1191(b), the court must find that the plan does not discriminate unfairly and that the plan is fair and equitable with respect to each class of impaired claims or interests that has not accepted the plan. While the standards for the unfair discrimination prong are the same as under section 1129(b)(1) applicable to other chapter 11 cases, what is "fair and equitable" with respect to unsecured creditors is different and the absolute priority rule of subsection 1129(b)(2) does not apply.

10. For impaired classes other than secured claims, a plan is fair and equitable if, as of the effective date of the plan, it provides that (a) all of the debtor's projected disposable income for the three- to five-year period (as fixed by the court) will be applied to make payments under the plan, or (b) the value of the property to be distributed under the plan during the three to five-year period is not less than the projected disposable income of the debtor. 11 U.S.C. § 1191(c)(2). Thus, the debtor is not required to satisfy the "absolute priority rule" applicable in other chapter

11 cases.

11. For purposes of 11 U.S.C. § 1191(c)(2)(A), disposable income is defined as income received by the debtor that is not reasonably necessary to be expended for the maintenance or support of the debtor or the dependent of the debtor, for a post-petition domestic support obligation, or for the payment of necessary business expenditures. 11 U.S.C. § 1191(d). For individual debtors, the disposable income test is akin to that in chapter 12, *see* 11 U.S.C. § 1225(b)(2), and is not based on the "means test" as in chapter 7 under section 707(b)(2) or in chapter 13 under section 1325(b)(2).

12. If the plan is not accepted by all classes of impaired creditors and the Debtor elects to seek confirmation of a "non-consensual" plan, the United States Trustee requests that the Court determine the appropriate amount of disposable income based on a review of the Debtor's Amended Schedules and require the Debtor to pay all of her projected disposable income for a period of five years instead of the proposed three years. A five-year plan would pay significantly more to unsecured creditors than the current three-year plan.

13. There is no indication that the Debtor will not continue to be employed in her present job or a similar job for the next five years. The Court should fix the period for paying projected disposable income at five years in order to maximize the recovery to unsecured creditors. The Debtor would be required to pay no more than she would have if she had qualified for Chapter 13 as the applicable commitment period for an above-median debtor in Chapter 13 is five years.

                        Respectfully submitted,

                        DANIEL J. CASAMATTA
                        ACTING UNITED STATES TRUSTEE

By:   /s/ Jerry L. Jensen
       JERRY L. JENSEN
       ASSISTANT UNITED STATES TRUSTEE
       Office of United States Trustee
       Roman L. Hruska U.S. Courthouse
       111 S. 18th Plaza, Suite 1148
       Omaha, NE 68102
       Phone: (402) 221-4302
       Email: Jerry.L.Jensen@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I certify that I filed the foregoing pleading on April 13, 2021 using the CM/ECF system which sent notification to all CM/ECF participants:

                        /s/ Jerry L. Jensen
                        Jerry L. Jensen