# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALICIA YVONNE GONZALES-LONGORIA,<br><br>        Debtor. | CASE NO. BK 20-41658-TLS<br>CHAPTER 11<br><br>**OBJECTION TO DEBTOR'S CHAPTER 11 PLAN** |

Elite Health, L.L.C. ("**Elite Health**"), a creditor and interested party, objects to Alicia Yvonne Gonzales-Longoria's ("**Debtor**") Chapter 11 plan filed March 25, 2021 [Filing No. 21] (the "**Plan**").  In support of its objection, Elite Health states as follows:

1.    Elite Health is a creditor in this case.  As of the petition date, Debtor owes Elite Health not less than $240,884.92.  (*See* Claim No. 3).  Elite Health's claim arises from obligations Debtor owes Elite Health pursuant to her personal guarantee of a commercial lease.

2.    Elite Health has reviewed the Acting United States Trustee's response to the Debtor's Plan filed April 13, 2021 [Filing No. 26] (the "**US Trustee Objection**").  Elite Health agrees with the points raised in the US Trustee Objection, and incorporates the substance of the US Trustee Objection herein by this reference.

3.    Debtor's Plan does not provide for sufficient and/or equitable payments to her creditors.  This is, in part, due to Debtor not properly accounting for the monthly household expenses she pays versus the monthly household expenses her husband pays and/or should pay.  For example, Debtor's Plan indicates her share of monthly household expenses is approximately double the expenses her husband pays – Debtor's share is $8,053.50, and her husband's share is only $4,193.99.  Notably, Debtor and her husband have a first and second mortgage on their personal residence,

and Debtor suggests she is responsible for making all of the mortgage payments. There is no explanation why Debtor pays twice as much of the family household expenses as her husband.

4. Debtor's disproportionate share of her family's household expenses is even more unfair to her creditors when considering the amount of her income versus her husband's income. Tax records indicate in year 2020, Debtor and her husband made over $320,000 combined, and Debtor's husband's income was more than twice as much as Debtor's income. In 2019, Debtor and her husband made over $270,000 combined, and Debtor's husband accounted for the vast majority of the couple's income. It is unfair and inequitable for Debtor to assert she pays the majority of the family's expenses when her income is less than half of her family's total income.

5. Elite Health requests the Court determine Debtor's disposable income to be paid to creditors is an amount not less than $6,949.82 per month as indicated in Debtor's amended Schedules I and J filed February 11, 2021 [Filing No. 14] for a period of five years in order to maximize the recovery to creditors.

6. Debtor has been spending significant amounts of money both immediately before and after filing her bankruptcy case. For example, based on Debtor's monthly operating reports filed to date, from December, 2020 through March, 2021, Debtor spent almost $10,000, $7,800, $8,000 and $11,000 per month, respectively.

7. Much of Debtor's post-petition spending is not for reasonable and/or necessary living expenses. For example, in January, February and March of this year: (a) Debtor has spent approximately $250 – $450 per month on fast food, and (b) Debtor has spent approximately $450 – $1100 on retail shopping (other than groceries).

Debtor should reduce her unreasonable and unnecessary spending, and she will have more disposable income available to pay creditors each month.

8. On April 23, 2021, Elite Health received a ballot from Debtor for accepting or rejecting Debtor's Plan. The Debtor's ballot was not timely served as required by the Court's Notice Setting Objection Deadline And Courtroom/Telephonic Confirmation Hearing On Subchapter V Small Business Plan filed March 29, 2021 [Filing No. 23]. Although Elite Health only received the ballot on April 23, 2021, the ballot indicated that the deadline to respond and either accept or reject Debtor's Plan was the same day – April 23, 2021.

9. Elite Health returned its ballot and voted to reject the Plan. Debtor's Plan cannot be confirmed on a consensual basis.

WHEREFORE, Elite Health respectfully requests the Court deny confirmation of Debtors' Plan, and grant Elite Health such other and further relief the Court deems just and equitable.

Dated this 29th day of April, 2021.

    ELITE HEALTH L.L.C., Creditor and Interested Party

By:  s/Brandon R. Tomjack
     Brandon R. Tomjack (#22981)
     Brian Barmettler (#27017)
     BAIRD HOLM LLP
     1700 Farnam St, Ste 1500
     Omaha, Nebraska 68102-2068
     402-344-0500
     btomjack@bairdholm.com

## CERTIFICATE OF SERVICE

    I hereby certify that on April 29, 2021, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

                                                    s/Brandon R. Tomjack

DOCS/2627377.1