# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALICIA YVONNE GONZALES-LONGORIA,<br><br>　　　　Debtor. | CASE NO. BK 20-41658-TLS<br>CHAPTER 11<br><br>**OBJECTION TO DEBTOR'S AMENDED CHAPTER 11 PLAN** |

Elite Health, L.L.C. ("**Elite Health**"), a creditor and interested party, objects to Alicia Yvonne Gonzales-Longoria's ("**Debtor**") Amended Chapter 11 plan filed May 25, 2021 [Filing No. 35] (the "**Amended Plan**"). In support of its objection, Elite Health states as follows:

1. Elite Health is a creditor in this case. As of the petition date, Debtor owes Elite Health not less than $240,884.92. (*See* Claim No. 3). Elite Health's claim arises from obligations Debtor owes Elite Health pursuant to her personal guarantee of a commercial lease.

2. Similar to Debtor's original plan of reorganization, Debtor's Amended Plan still does not provide for sufficient and/or equitable payments to her creditors. The Amended Plan provides for payments to unsecured creditors of $2,000 per month, which is an increase from payments of $500 per month in the original plan. However, the majority of this increase in monthly payments – $1100 – is attributed to the fact Debtor is no longer identifying her monthly student loan payment as a monthly expenses. Instead, Debtor will pay her student loan payment pro rata with all the other unsecured claims in Section 4, Class III. In other words, Debtor's Amended Plan only provides for an additional $400 per month to pay unsecured creditors compared to her original plan.

3. Debtor's Amended Plan continues to improperly account for the monthly household expenses she pays versus the monthly household expenses her husband pays and/or should pay. According to the Amended Plan, Debtor's share of monthly household expenses is $6,953.40 and her husband's share is only $5,318.99. Debtor's monthly expenses identified in the Amended Plan have decreased because, as set forth above, she in no longer including her $1,100.00 student loan payment as a monthly expense. Notably, Debtor and her husband have a first and second mortgage on their personal residence, and Debtor's Amended Plan indicates Debtor is responsible for making all of the mortgage payments.

4. Debtor's disproportionate share of her family's household expenses is even more unfair to her creditors when considering the amount of her income versus her husband's income. Tax records indicate in year 2020, Debtor and her husband made over $320,000 combined, and Debtor's husband's income was more than twice as much as Debtor's income. In 2019, Debtor and her husband made over $270,000 combined, and Debtor's husband accounted for the vast majority of the couple's income. It is unfair and inequitable for Debtor to assert she pays the majority of the family's expenses when her income is less than half of her family's total income.

5. Article II of the Amended Plan discusses Debtor's and her husband's income; however, the information disclosed in the Amended Plan is incorrect. In particular, payroll records provided by Debtor's counsel to Elite Health indicate Debtor's husband makes the gross amount of $7,000 per pay period, not $3,500, and is paid twice each month. Debtor's husband's monthly income is at least twice as much as identified in the Amended Plan.

6. Debtor has been spending significant amounts of money both immediately before and after filing her bankruptcy case. For example, based on Debtor's monthly operating reports filed to date, from December, 2020 through April, 2021, Debtor spent almost $10,000, $7,800, $8,000, $11,000 and $9,200 per month, respectively.

7. Debtor has not filed her monthly operating report for the month of May, 2021.

8. Much of Debtor's post-petition spending is not for reasonable and/or necessary living expenses. For example, in January, February and March of this year: (a) Debtor has spent approximately $250 – $450 per month on fast food, and (b) Debtor has spent approximately $450 – $1100 on retail shopping (other than groceries). Debtor should reduce her unreasonable and unnecessary spending, and she will have more disposable income available to pay creditors each month.

9. Section 1.11 of the Amended Plan indicates the "plan life" is only three years. Debtor's Amended Plan should be a five year plan in order to maximize recovery for Debtor's creditors.

WHEREFORE, Elite Health respectfully requests the Court deny confirmation of Debtors' Plan, and grant Elite Health such other and further relief the Court deems just and equitable.

Dated this 28th day of June, 2021.

        ELITE HEALTH L.L.C., Creditor and Interested Party

By:  s/Brandon R. Tomjack
      Brandon R. Tomjack (#22981)
      Brian Barmettler (#27017)
      BAIRD HOLM LLP
      1700 Farnam St, Ste 1500
      Omaha, Nebraska  68102-2068
      402-344-0500
      btomjack@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2021, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

        s/Brandon R. Tomjack

DOCS/2656395.1