IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK 20-41658 |
| ) | Chapter 11 |
| ALICIA YVONNE GONZALES- ) | |
| LONGORIA, ) | |
| ) | |
| Debtor. ) | |

OBJECTION OF PLATTE VALLEY BANK, CREDITOR,
TO DEBTOR'S THIRD AMENDED CHAPTER 11 PLAN (Filing No. 69);
AND CERTIFICATE OF SERVICE

COMES NOW Platte Valley Bank, and for its objection to the Third Amended Chapter 11 Plan filed by the Debtor, Alicia Yvonne Gonzales-Longoria, (Filing No. 69) and alleges as follows:

1. Platte Valley Bank is a creditor in this case. As of October 26, 2021, the Debtor owes Platte Valley Bank not less than $153,917.20.

2. The debt of Platte Valley Bank is secured by a second lien on Debtor's residential real estate and is personally guaranteed by the Debtor and her spouse, Jonas Longoria.

3. Platte Valley Bank alleges that the value of the parties' residential real estate is understated in the bankruptcy schedules and plan. Debtor and her spouse provided a personal financial statement to Platte Valley Bank on June 27, 2018 in support of their application for the Debtor's loan with the bank. On that application, the Debtor and her spouse listed their primary residence with a value of $420,000. The Debtor listed the residential real estate with a value of $320,056 with her initial bankruptcy filing and changed the value to $299,252 on an amended filing. The Debtor and her spouse purchased the property in July 2014 for $370,000 and executed a real estate transfer statement declaring the current market value at that time to be $370,000.

4. Platte Valley Bank has had the residential real estate appraised by a licensed Nebraska real estate appraiser. The appraised value of the home is $375,000.

5. Based upon the appraised value of the real estate, the plan provisions for payment to Platte Valley Bank for its secured second lien on the real estate is understated.

6. The Third Amended Plan is not confirmable because it does not properly allocate the net disposable income of the Debtor and her spouse in violation of 11 U.S.C. § 1191(c)(2).

1

7. Platte Valley Bank alleges that the real estate loan is personally guaranteed by the Debtor's spouse. The Debtor's spouse is not part of this bankruptcy proceeding. The Debtor and her spouse have maintained the payments to Platte Valley Bank through September 2021.

8. Platte Valley Bank alleges that because of the separate obligation of the Debtor's spouse, per his guarantee, the unsecured portion of the loan to Platte Valley Bank should be paid by the Debtor's spouse and maintained in a current status as part of the household living expenses of the Debtor and her spouse. This payment should be made as part of the computation of the net disposable income.

9. The Debtor's amended schedules show medical and business equipment valued at $12,895.26. The plan makes no provision for the sale of this equipment, which would generate additional proceeds for payment to creditors.

10. Platte Valley Bank objects to any provision of the plan providing for payment of the unsecured portion of the debt to the Bank as part of prorata payments to unsecured creditors to the extent payments to the Bank are reduced.

11. Platte Valley Bank alleges that payment of its claim in full is consistent with the nature and extent of the bankruptcy filing, in that the Debtor's spouse is not a party of this bankruptcy and that payment of Platte Valley Bank's loan in full is not contrary to any bankruptcy code provisions.

WHEREFORE, Platte Valley Bank respectfully requests an order of the Court denying confirmation of the Debtor's Third Amended Plan and for such other relief as the Court deems just and equitable.

PLATTE VALLEY BANK

*Philip Kelly*
PHILIP M. KELLY, NSBA #15427
DOUGLAS, KELLY, OSTDIEK, SNYDER,
OSSIAN and VOGL, P.C.
105 E. 16th Street, P.O. Box 419
Scottsbluff, NE 69363-0419
Telephone: 308-632-7191
Email: pkelly@scottsblufflaw.com

2

## CERTIFICATE OF SERVICE

    The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service upon the U.S. Trustee's Office; Galen E. Stehlik, Counsel for the Debtor; and other parties of interest.

_____
Philip M. Kelly